UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GLORIA VILLAREAL | ) |
|       Plaintiff, | ) CASE NO.: 2:19-cv-00389 |
| -v- | ) JUDGE: |
| TRUEACCORD CORP. | ) COMPLAINT |
| | ) **JURY DEMAND ENDORSED HEREON** |
|       Defendant. | ) |

Plaintiff, Gloria Villareal, for her complaint against TrueAccord Corp. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), stemming from Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Indiana.

**PARTIES**

4. Plaintiff, Gloria Villareal, ("Ms. Villareal"), is a natural adult person residing in East Chicago, Indiana, and is a "person" and "consumer" as those terms are defined and/or used within the FDCPA and IDCSA.

5. Defendant, TrueAccord Corp., is a Delaware corporation in the business of collecting consumer debts on behalf of others in the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6. In its communications, Defendant identifies itself as a debt collector.

7. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Starting on or around June 8, 2019, Ms. Villareal started receiving e-mails from individuals named Teresa Zuniga, Peter Martin, Anil Patil, Daryl Washington and Deanna Hill (the "Email List"). Only upon opening the email did it become apparent that these individuals were associated with Defendant. A copy of the Email List is attached to this complaint as Exhibit A.

10. Upon opening an email from one of the individuals on the Email List, it became apparent that the email was actually from Defendant (the "Email"). A copy of one such email is attached to this complaint as Exhibit B.

11. Upon opening an email from the Email List it became apparent that Defendant was attempting to collect a debt for *LVNV Funding, LLC* that was originally owed to *WebBank (Fingerhut)* for $194.52 (the "Subject Debt").

12. After going unpaid for some time, the Subject Debt was ultimately sold, assigned and/or transferred to Defendant for collection.

13. On the Email List, the subject lines vary from "Gloria, details regarding y…" or "RE: Your account" and "This needs your attention." *See* Exhibit A.

14. Upon opening the Email, Ms. Villareal became confused as the Email was actually from Defendant and identified itself as a debt collector and that this Email was an attempt to collect a debt. *See* Exhibit B.

15. The Email went on to state in relevant part:

> "Gloria M, are past-due bills keeping you up at night? You're not the only one. We understand that money can be tight. This is why we want to let you know about **an affordable and convenient way to pay your past due balance with $194.52**." *See* Exhibit B.

16. Ms. Villareal had been deceived into opening the Email under the impression it was from an individual named "Melinda" but in fact the email was from Defendant. In doing so, Defendant attempted to collect on the Subject Debt under an assumed name.

17. Confused and concerned about Defendant's collection activity on the Subject Debt, as to which party was collecting on the debt, Ms. Villareal consulted her attorneys for clarification regarding her rights.

18. The Email gave the false impression that Defendant was not the author of the Email when in fact Defendant was.

19. After a reasonable time to conduct discovery, Ms. Villareal believes she can prove that all actions taken by Defendant as defined in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

20. Ms. Villareal was intentionally deceived by Defendant's collection actions.

21. Further, Ms. Villareal had no idea who the parties were on the Email List, nor did those parties disclose their association with Defendant.

22. Ms. Villareal justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful, deceptive and misleading means in attempting to collect the Subject Debt from her.

23. Ms. Villareal justifiably fears that, absent this Court's intervention, Defendant will to use unlawful methods and/or means in its attempts to collect the Subject Debt from her.

24. As a result of Defendant's conduct, Ms. Villareal was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. As a result of Defendant's conduct, Ms. Villareal is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices as described herein.

## GROUNDS FOR RELIEF
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(5), e(10), e(14) and f*

26. All prior paragraphs are incorporated into this count by reference.

27. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the

> following conduct is in violation of this section: (5) The threat to take any action that cannot legally be taken or that is not intended to be taken; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer; (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §§ 1692e, e(5), e(10) and e(14).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

28. Defendant violated 15 U.S.C. §§ 1692e, e(10), e(14) and f by using a name other than Defendant's true name, "TrueAccord Corp.," on the Email List. Instead Defendant used the names of varying individuals: Teresa Zuniga, Peter Martin, Anil Patil, Daryl Washington and Deanna Hill. These names, used without mention of Defendant, were intended to deceive and collect from Plaintiff by assuming a name other than the true name of Defendant.

29. As an experienced debt collection agency, Defendant knows that they should not use any name other than the true name of the debt collector's business. Defendant also knows that, in communicating with a consumer, it is required to be truthful, complete and accurate as to what it represents in such communications, as to avoid deceiving or misleading the consumer.

30. As set forth in paragraphs 20 through 25 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

### COUNT II
### VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
### *I.C. 24-5-0.5-3(a) and (b)(20)*

31. All prior paragraphs are incorporated into this count by reference.

32. Defendant's collection activity on the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. 24-5-0.5-2(a)(1)(C).

33. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

34. Defendant violated the IDCSA, namely I.C. 24-5-0.5-3(a) and (b)(20), by engaging in unfair, abusive, and deceptive behavior in its transactions with Plaintiff by using a name other than Defendant's true name, "TrueAccord Corp.", on the Email and instead using the individual names on the Email List, making it unclear as to who is contacting her and therefore who is collecting the debt.

35. Defendant intended that Plaintiff rely on its misrepresentations and/or deceptive means in order to procure immediate payment of the Subject Debt. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within I.C. 24-5-0.5-4(a)(1)(2).

36. As set forth in paragraphs 20 through 25 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices.

37. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Gloria Villareal, respectfully requests that this Court enter judgment in her favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and/or I.C. 24-5-0.5-4(a); and

e) Awarding Plaintiff any other relief as this Court deems just and appropriate.


DATED this 9th day of October, 2019.     Respectfully Submitted,

    */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                          */s/ Kristen C. Wasieleski*
                                          Kristen C. Wasieleski #6303018
                                          CONSUMER LAW PARTNERS, LLC